UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES HUTCHINS,

          Plaintiff,

     v.

BANK OF AMERICA , N.A.,

          Defendant.

Case No.  13-cv-03242-JCS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**Dkt. No. 30**

## I.    INTRODUCTION

This action involves several claims arising out of alleged fraud by Defendant Bank of America, N.A. in connection with a promissory note executed by Plaintiff James Hutchins ("Plaintiff") in favor of Defendant Bank of America, N.A. ("Defendant" or "Bank of America") and secured by a mortgage on the property at 1863 Altair Avenue, Livermore, California 94550 (the "Property").  Plaintiff filed this lawsuit on July 12, 2013, almost nine years after the alleged fraud occurred.  On October 28, 2013, the Court dismissed Plaintiff's first complaint in part and granted Plaintiff leave to amend.  The Court's order emphasized that several claims depended on Plaintiff's ability to plead facts supporting delayed discovery of the alleged fraud to toll the statute of limitations.

Plaintiff filed a First Amended Complaint on November 29, 2013.  Plaintiff alleges nine causes of action for fraud, wrongful foreclosure, unfair competition, quiet title, intentional infliction of emotional distress, negligence, and violations of Real Estate Settlement Procedures Act, the Fair Credit Reporting Act, and Rosenthal Fair Debt Collection Practices Act.  Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint (hereafter, "Motion").  The Court finds the Motion suitable for determination without oral argument and vacates the hearing

scheduled for February 28, 2014 at 9:30 a.m.  The Case Management Conference is not vacated and will take place at 2:00 p.m. instead of 9:30 a.m.  For the reasons explained below, Defendant's Motion is GRANTED in part and DENIED in part.[1]

## II.    BACKGROUND

### A.    Factual Background

The Court described Plaintiff's allegations at length in the previous order and briefly summarizes them here.  Plaintiff alleges that he submitted a loan application to Bank of America in which he wrote that he had Total Assets in the amount of $213,000 and Net Worth in the amount of $23,070.  First Amended Complaint ("FAC") ¶ 13.  Plaintiff states that Defendant scheduled the loan closing to occur at 4:30 p.m. on Friday, August 1, 2004.  *Id*. ¶ 16.  When Plaintiff arrived, he was told the office was closing and the documents must be signed quickly or Plaintiff would have to re-start his application process.  *Id*. ¶ 17.  Defendant told Plaintiff that the loan documents contained all of the correct information, including Plaintiff's loan application.  *Id*. Plaintiff signed the loan documents without reading them.  Unbeknownst to Plaintiff, Defendant had modified his loan application to represent that Plaintiff's Total Assets were $1,412,165 and Net Worth as $1,222,235.  Plaintiff did not discover Defendant's alteration of the terms in his loan application until over seven years later.

### B.    Previous Order

In the previous order, the Court held that Plaintiff failed to allege sufficient facts to toll the statute of limitations on Plaintiff's fraud claim on the theory of delayed discovery.  Dkt. No. 25 at 11.  That is, Plaintiff failed to allege facts which show that despite Plaintiff's reasonable investigation, Plaintiff could not discover Defendant's fraud within the three-year statute of limitations to assert a claim for fraud.  *See Parsons v. Tickner,* 31 Cal.App.4th 1513, 1525 (1995).  The Court wrote:

> Plaintiff does not allege, for instance, whether the loan documents were in his possession at any time between the closing of his loan in 2004 and the discovery of

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

> the alleged fraud in 2011.  Plaintiff does not explain, if he did have possession of
> the loan application since 2004, why he waited [so] long to review the documents.
> Plaintiff merely alleges that he reviewed the loan application after he received
> Defendant's loan history statement dated September 14, 2011.  Compl. ¶ 36.  This
> is insufficient.

Dkt. No. 25 at 11.  The fraud claim was dismissed, Plaintiff was granted leave to amend to add

additional allegations supporting delayed discovery.

The Court also noted that several more of Plaintiff's claims depended on the vitality and

timeliness of the fraud claim, and would be dismissed if Plaintiff were unable to allege facts

supporting delayed discovery.  These claims included Plaintiff's claims for wrongful foreclosure,

intentional infliction of emotional distress, negligence and unfair competition.

The Court also dismissed other claims for different reasons.  Plaintiff's claim under the

Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), was dismissed for failure

to allege an actual injury.  Plaintiff's claim under the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. §§ 1681-1681x, was dismissed for Plaintiff's failure to allege that Defendant failed to

conduct a reasonable investigation.  Plaintiff's claim under the Rosenthal Fair Debt Collection

Practices Act was dismissed for the failure to allege that Bank of America was a "debt collector"

or the topic of the phone conversations.

### C.   First Amended Complaint

Plaintiff's First Amended Complaint contains nine causes of action: (1) fraud in the

execution; (2) wrongful foreclosure; (3) unfair competition; (4) quiet title; (5) intentional infliction

of emotional distress; (6) negligence[2]; (7) violation of Real Estate Settlement Procedures Act

("RESPA"); (8) violation of Fair Credit Reporting Act ("FCRA"); and (9) violation of Rosenthal

Fair Debt Collection Practices Act.

In the First Amended Complaint, Plaintiff does not state whether the loan documents,

including the modified loan application, were in his possession between the time he signed the

loan in August 2004 and his discovery of the modification in September 2011.  Plaintiff also does

---

[2] Plaintiff's sixth cause of action is for "negligent infliction of emotional distress."  As described in the Court's previous order, "the negligent causing of emotional distress is not an independent tort, but the tort of negligence."  *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (1992).

United States District Court
Northern District of California

not explain why, if the documents were in his possession, he did not review them after the closing

and discovery Defendant's alleged modification of his Total Assets and Net Worth.  Plaintiff

merely writes that he "discovered this change by Defendants on or about September 2011 after

Plaintiff sent a Qualified Written Request to Defendant Bank of America…."  FAC ¶ 18.  Plaintiff

elaborates:

> Following the receipt of Defendant's "loan history statement" dated September 14,
> 2011, Plaintiff reviewed all of the documents related to the closing of the subject
> loan.  The loan transaction was incomplete and inaccurate on its face.  As a result,
> Plaintiff for the first time felt compelled to investigate the origination of the loan so
> as to understand Defendant Bank of America's inability to set forth a correct and
> consistent loan transaction history.  Prior to reviewing his loan documents, Plaintiff
> had no reasonable suspicion to believe that these documents contained any false
> and erroneous information regarding his Total Assets and Net Worth.

FAC ¶ 37.

### D.   Motion to Dismiss

Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint on December

16, 2013.  *See* Dkt. No. 30 ("Motion").  In the Motion, Defendant argues that Plaintiff failed to

plead sufficient facts to toll his fraud claim, and other claims that depend on the alleged fraud,

such as wrongful foreclosure, intentional infliction of emotional distress, negligence and unfair

competition.  In opposition to the Motion, Plaintiff argues that his allegations support delayed

discovery, and further contends that the additional doctrines of equitable estoppel, equitable tolling

and continual accrual toll his claims.  Dkt. No. 33 ("Opposition").

In addition to arguing that Plaintiff's claims are time-barred, Defendant contends that

Plaintiff fails to plead facts establishing several of his causes of action, and moves to dismiss

Plaintiff's claims for unfair competition, quiet title, negligence, as well as the claims for violations

of RESPA and the Rosenthal Fair Debt Collection Practices Act.  Defendants made no argument

regarding the sufficiency of Plaintiff's claim under the Fair Credit Reporting Act.

In addition to contending that his claims are sufficiently pled, Plaintiff notes that Wells

Fargo Bank, N.A. ("Wells Fargo") signed the Substitution of Trustee form, and argues that Wells

Fargo was not authorized to do so.  Plaintiff also argues that there is no evidence the Deed of Trust

permits Wells Fargo, as trustee, to record the Substitution of Trustee or that the beneficiary

United States District Court
Northern District of California

4

1  granted the trustee this authority.  Plaintiff further contends that the recitals in the Substitution of

2  Trustee are hearsay and not subject to judicial notice.

3  **III.     LEGAL STANDARD**

4          A complaint may be dismissed for failure to state a claim for which relief can be granted

5  under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 12(b)(6).  "The

6  purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

7  complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In ruling on

8  a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true

9  and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v.*

10  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).  The complaint need not contain "detailed factual

11  allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face."

12  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547

13  (2007)).  This Court has a duty to interpret *pro se* pleadings liberally. *See Hughes v. Rowe,* 449

14  U.S. 5, 9 (1980); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

15          "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear

16  … that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*,

17  316 F.3d 1048, 1052 (9th Cir. 2003).  However, "[l]eave to amend need not be granted when an

18  amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

19  **IV.     DISCUSSION**

20          **A.     Plaintiff's Fraud Claim is Time-Barred**

21          Pursuant to California Code of Civil Procedure § 338(d), fraud claims are subject to a

22  three-year statute of limitations, which accrues upon "the discovery, by the aggrieved party, of the

23  facts constituting the fraud or mistake." Cal.Code Civ. P. § 338(d).  California courts have

24  interpreted § 338(d) as imposing a duty to exercise diligence to discover the facts constituting the

25  fraud. *See Briosos v. Wells Fargo Bank*, No. 10-02834, 2011 WL 1740100 (N.D. Cal. May 5,

26  2011) (Beeler, J.) (citing *Parsons v. Tickner,* 31 Cal.App.4th 1513, 1525 (1995)).  Thus, to support

27  delayed discovery,

28          a plaintiff is required to plead and prove facts showing: (1) lack of knowledge; (2)

United States District Court
Northern District of California

5

lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (3) how and when he did actually discover the fraud or mistake.

*Id.* (citing *Parsons,* 31 Cal.App.4th at 1525 (quoting 3 Witkin, Cal. Procedure, Actions § 454)). Moreover, "[i]n order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff … must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.'" *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (citing *McKelvey v. Boeing North American, Inc.*, 74 Cal.App.4th 151, 160 (1999)). The burden is "on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.' " *Id.*

A plaintiff must exercise reasonable diligence to discover the fraud once he or she is on "inquiry notice" of the cause of action. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807-08 (2005) ("The discovery rule only delays accrual until the plaintiff has, or should have, *inquiry notice* of the cause of action.") (emphasis added). This means that "plaintiffs are charged with presumptive knowledge of an injury if they have 'information of circumstances to put [a reasonable person] *on inquiry,*' or if they have '*the opportunity to obtain knowledge* from sources open to [their] investigation…." *Fox*, 35 Cal.4th at 808 (quoting *Sanchez v. S. Hoover Hosp.*, 18 Cal.3d 93, 101 (1976)). "In other words, plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Fox*, 35 Cal.4th at 807-08.

Plaintiff has not pled sufficient facts to show that despite his reasonable diligence, he could not have discovered the alleged fraud within the statute of limitations. In the previous order, the Court noted that Plaintiff had failed to explain whether the relevant documents were in his possession after he signed the loan in August 2004, and if so, why he failed to read those documents until 2011. Plaintiff's First Amended Complaint does not attempt to respond to the Court's inquiries. Plaintiff merely states that until he reviewed his loan documents in 2011, he had no prior reasonable suspicion to believe that his loan application had been altered. FAC ¶ 32. The Court already held that such a sweeping allegation was insufficient.

Individuals are presumed to have read the documents they sign and are in their possession.

*See Sterling Sav. Bank v. Poulsen*, No. 12-1454 EDL, 2013 WL 3945989, at *16-17 (N.D. Cal. July 29, 2013) (Laport, J.) (holding that a claim for elder abuse was time-barred because the plaintiff's "admitted failure to read the documents was not reasonably diligent"); *Rey v. OneWest Bank,* 2013 WL 127839, at *5 (E.D.Cal. Jan. 9, 2013) ("The Loan terms, which Plaintiff claims had not been disclosed to him by the lender, appear clearly on the face of the pages of the Loan documents that Plaintiff signed or initialed. A reasonably diligent person would have read the loan's material terms upon signing, or, at a minimum, after receiving the loan documents.") (internal citations omitted). *Madura v. Countrywide Home Loans, Inc.*, 2008 WL 2856813, at *9 n. 23 (M.D. Fla. July 22, 2008) *aff'd*, 344 F. App'x 509 (11th Cir. 2009) (applying delayed discovery doctrine until it was undisputed that documents were in the plaintiff's possession). Plaintiff has not pled that the documents were not in his possession since August 2004 or any facts suggesting that he was otherwise unable to review them until 2011.

Plaintiff contends that he was under no duty to compare the documents signed before and after escrow, as he had no reason to question the accuracy of the papers provided at escrow and the terms regarding his Net Worth and Total Assets were concealed within 200 pages of documents. In support of this proposition, Plaintiff cites *Hobbs v. Bateman Eichler Hill Richards*, 164 Cal.App.3d 174 (1985), where the California Court of Appeal held that there was no statute of limitations on a fraud claim against an individual's fiduciary. *Id*. at 202. This is because "[t]he duty of a fiduciary embraces the obligation to render a full and fair disclosure to the beneficiary of all facts which materially affect his rights and interests." *Id*. (quoting *Neel v. Magana, Olney, Levy, Cathcart & Gelfand* 6 Cal.3d 176 (1971)). Thus, "[w]here there is a fiduciary relationship, the usual duty of diligence to discover facts does not exist." *Hobbs*, 164 Cal.App.3d at 202. In this case, however, the First Amended Complaint does not allege facts showing that a fraud was committed by Plaintiff's fiduciary.[3] Thus, *Hobbs* is distinguishable on this basis.

---

[3] As the Court noted in the previous order, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095-96 (1991). The Court dismissed Plaintiff's negligence claim in part because Plaintiff failed to allege facts showing that Defendant owed Plaintiff a legal duty. Dkt. No. 25 at 18.

United States District Court
Northern District of California

United States District Court
Northern District of California

1     Even if Plaintiff did not have a duty to review the loan documents once they were in his

2  possession, Plaintiff certainly had a duty to conduct a reasonable investigation once he was on

3  inquiry notice of the fraud, i.e., once he was aware of his injury caused by the fraud.  *Fox*, 35

4  Cal.4th at 807-08.  Plaintiff alleges that "[b]eginning in late 2008 as the date of the Subject loan's

5  first adjustment and amortization approached, Plaintiff had concerns about his ability to afford the

6  new payment amount…."  FAC ¶ 19.  The increased payments, and the foreclosure that such high

7  payments may cause, are the injury Plaintiff alleges as a result of the fraud.  From the face of the

8  First Amended Complaint, it is clear that Plaintiff was aware of this injury by 2008 at the latest.

9  At this time, Plaintiff had a duty to conduct a reasonable investigation as to his injury, i.e., why he

10  was unable to afford his loans.  Plaintiff did not undertake such an investigation until September

11  2011, three years after Plaintiff was on inquiry notice of the fraud.  The First Amended Complaint

12  does not support a finding that such a delay was reasonable.

13     In his opposition brief, Plaintiff also argues that his fraud claim is not time-barred because

14  of three separate doctrines which would toll his claim: (1) equitable estoppel; (2) equitable tolling;

15  and (3) continuous accrual.  The Court finds, however, that none of these doctrines may be applied

16  in this case to toll Plaintiff's fraud claim.

17          **1.  Equitable Estoppel**

18     "Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations

19  when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the

20  plaintiff's claim is filed, to prevent the plaintiff from suing in time.'"  *Guerrero v. Gates*, 442 F.3d

21  697, 706-07 (9th Cir. 2006) (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176-77 (9th Cir.

22  2000)).  The doctrine "preclude[s] a defendant from pleading the bar of the statute of limitation

23

24     In the First Amended Complaint, Plaintiff alleges that Bank of America Mortgage Account
25  Executive Rick Anixter exceeded the conventional role of a money lender.  Plaintiff states that
   when he inquired as to how title would pass to Plaintiff's fiancée upon Plaintiff's death, Mr.
26  Anixter advised them to take title as joint tenants.  FAC ¶ 18.
       Plaintiff believes that such advice elevated Mr. Anixter's status from that of a conventional
27  money lender to a fiduciary who owed Plaintiff duties.  However, the nature of the advice
   allegedly provided by Mr. Anixter still falls within the normal scope of communications a money
28  lender.  Moreover, the supposed "legal advice" was unrelated to the terms of the subject loan or
   Plaintiff's allegations of fraud.

where the plaintiff was induced refrain from brining a timely action by the fraud, misrepresentation or deception of defendant." *Kleinecke v. Montecito Water District*, 147 Cal.App.3d 240, 245 (1983) (citations omitted).  There are generally four elements to establish equitable estoppel:

> Four elements must ordinarily be proved to establish an equitable estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and, (4) he must rely upon the conduct to his injury.

*Leasequip, Inc. v. Dapeer*, 103 Cal.App.4th 394, 403-04 (2002).  "The plaintiff must demonstrate that he relied on the defendant's misconduct in failing to file in a timely manner and 'must plead with particularity the facts which give rise to the claim of fraudulent concealment.'"  *Guerrero*, 442 F.3d at 706-07 (citing *Santa Maria*, 202 F.3d at 1176).

The facts of this case do not support equitable estoppel.  Even assuming Plaintiff's allegations of fraud during loan origination are true, the defendants did not engage in any fraudulent conduct "*above and beyond* the wrongdoing upon which the plaintiff's claim is filed." *Santa Maria*, 202 F.3d at 1176 (emphasis added); *see also Guerrero*, 442 F.3d at 706-07 (declining to apply equitable estoppel because plaintiff failed to plead any fraudulent conduct with particularity "above and beyond" the allegations of conspiracy); *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir.1990).  "The primary problem with plaintiff's argument is that [his] alleged basis for equitable estoppel is the same as [his] cause of action." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (declining to apply equitable estoppel because plaintiffs failed to "point to any misrepresentation by the Defendants that *concealed*" the alleged discrimination) (emphasis added).  Like the plaintiffs in *Guerrero* and in *Lukovsky*, Plaintiff seeks to support his theory of equitable estoppel with the same conduct that supports his claim for fraud: the modification of his Net Worth and Total Assets on his loan application.

United States District Court
Northern District of California

9

United States District Court
Northern District of California

1    In support of his claim for equitable estoppel, Plaintiff cites the California Supreme

2    Court's decision in *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal.4th 1142  (2001).  In *Vu*, a

3    provider of earthquake insurance advised a homeowner that the damage to his home was

4    "significantly below the policy deductible," *id*. at 1147, which reasonably induced the homeowner

5    to not file an insurance claim.  The factual misrepresentation in *Vu* was different from the facts

6    giving rise to the substantive claim.  The plaintiff was entitled to insurance proceeds *because* he

7    purchased insurance, and equitable estoppel applied *because* of the insurance company's

8    misrepresentation. In this case, Plaintiff cites the same underlying facts to support his claim for

9    fraud *and* equitable estoppel.  Accordingly, Plaintiff "has failed to plead with particularity any

10   additional fraudulent behavior on the part of the defendants that would excuse his delay in

11   bringing this suit."  *Guerrero*, 442 F.3d at 707.

12              **2.  Equitable Tolling**

13   Equitable tolling is a judge-made doctrine which operates to suspend or extend a statute of

14   limitations as necessary to ensure fundamental practicality and fairness.  *Addison v. State of*

15   *California*, 21 Cal. 3d 313, 318-19 (19780.  "Under California's equitable tolling doctrine, the

16   prior pursuit of a [legal] remedy may toll the [] statute of limitations when a person has 'several

17   formal legal remedies and reasonably and in good faith pursues one.'" *Donoghue v. Orange*

18   *County*, 848 F.2d 926, 930 (9th Cir.1987) (citing *Jones v. Tracy School Dist.,* 27 Cal.3d 99, 108

19   (1980)).  "A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period

20   if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first

21   claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3)

22   good faith and reasonable conduct in filing the second claim." *Cervantes v. City of San Diego,* 5

23   F.3d 1273, 1275–76 (9th Cir. 1993).

24              The allegations in this case do not support application of the equitable tolling doctrine.

25   Plaintiff does not allege that he reasonably pursued any claim until he filed this lawsuit in 2013.

26   Nor did Plaintiff provide advance notice of his claims to Defendant prior to filing suit, thus

27   Defendant had no timely warning of Plaintiff's allegations.  Accordingly, the doctrine of equitable

28   tolling does not save Plaintiff's fraud claim.

### 3. Continuous Accrual

Finally, Plaintiff alleges that the claims are tolled by the doctrine of continuous accrual. The California Supreme Court has held that "recurring invasions of the same right can each trigger their own statute of limitations." *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1198-99 (2013). For example, the court has explained that because "'[t]he right to a pension payments is a continuing right,' the expired limitations period did not leave the plaintiff 'without means to enforce the right to present and future pension payments'' and "the suit was timely as to these most recent and future owed payments." *Id*. (citing *Dryden v. Board of Pension Commrs.*, 6 Cal.2d 575 (1936)).

The facts of this case do not support application of the continuous accrual doctrine. The fraud claim alleged in the First Amended Complaint relates to Defendant's conduct during loan origination alone, not a series of acts of which only some are within the statute of limitations. Accordingly, the doctrine of continuous accrual does not toll Plaintiff's fraud claim.

Plaintiff's claim for fraud is dismissed with prejudice.

### B. Several Other Claims Based on the Alleged Fraud are Time-Barred

In the previous order, the Court noted that several of Plaintiff's claims could only survive if an amended complaint alleged facts supporting delayed discovery. These claims include (1) wrongful foreclosure, (2) unfair competition, (3) intentional infliction of emotional distress, and (4) negligence. Like Plaintiff's claim for fraud, these claims accrued when Plaintiff should have discovered the alleged modification of his Net Worth and Total Assets as a result of reasonable diligence. Plaintiff was informed that these claims would be dismissed if Plaintiff failed to plead facts supporting delayed discovery. Because Plaintiff has not shown that he exercised reasonable diligence to discover the fraud, these claims are dismissed with prejudice.

### C. Quiet Title

Upon Plaintiff's request, the Court dismissed Plaintiff's claim for quiet title in the previous order with leave to amend. In the First Amended Complaint, Plaintiff asserts a claim seeking to quiet title on the property, and contends the underlying obligation on the promissory note is void because of Defendant's fraudulent alteration of the Net Worth and Total Assets on the loan

United States District Court
Northern District of California

application.  Defendant argues that because Plaintiff fails to allege that he can tender the full

amount owed on the loan, this claim must be dismissed.

An action to quiet title may be brought to establish title against adverse claims to real

property or any interest therein.  *Kelley v. Mortg. Elec. Registration Sys., Inc*., 642 F.Supp.2d

1048, 1057 (N.D. Cal. 2009) (citing Cal.Code Civ. Proc. § 760.020).  A quiet title action must be

in a verified complaint that includes: (1) a description of the property in question; (2) the title of

the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims

to the title of the plaintiff against which a determination is sought; (4) that date as of which the

determination is sought; and (5) a prayer for the determination of the title of the plaintiff against

the adverse claims.  *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F.Supp.2d 952, 974–975

(N.D.Cal.2010) (citing Cal.Code Civ. Proc. § 761.020).  "'Claim' includes legal or equitable right,

title, estate, lien, or interest in property or cloud upon title." Cal.Code Civ. Proc. § 760.010(a).

In most circumstances, a requirement of an action to quiet title is an allegation that

plaintiffs "are the rightful owners of the property, i.e. that they have satisfied their obligations

under the deed of trust."  *See Kelley,* 642 F.Supp.2d at 1057.  Thus, it is normally dispositive as to

this claim that, under California law, a borrower may not assert a quiet title action against a

mortgagee without first paying the outstanding debt on the property.  *See Rosenfeld,* 732

F.Supp.2d at 975; *see also Mehta v. Wells Fargo Bank, N.A.,* 737 F.Supp.2d 1185, 1206 (S.D. Cal.

2010) (dismissing quiet title cause of action for failure to allege tender).  There are some

exceptions to this rule, such as when the underlying foreclosure was allegedly void as opposed to

voidable.  *See Lester v. J.P. Morgan Chase Bank*, 926 F.Supp.2d 1081, 1095 (N.D. Cal. 2013)

(Beeler, J.).  This may be the case if "fraud goes to the inception or execution of the agreement, so

that the promisor is deceived as to the nature of his act, and actually does not know what he is

signing…."  *Rosenthal v. Great W. Fin. Sec. Corp*., 14 Cal.4th 394, 415 (1996).

In the First Amended Complaint, Plaintiff contends his obligation under the promissory

note is void, and therefore, he need not allege tender to quiet title on the property.  *Lester*, 926

F.Supp.2d at 1095.  This contention is entirely dependent on Plaintiff's allegation that Defendant

modified that Net Worth and Total Assets on his loan application.  Plaintiff failed, however, to

United States District Court
Northern District of California

cure deficient allegations supporting his delayed discovery for this alleged fraud.  The Court already determined that Plaintiff's claim for fraud in the execution is time-barred, and there are no additional allegations in the First Amended Complaint to substantiate any claim that the loan is void.  Plaintiff may not assert as a basis for his voiding his obligations a fraud with respect to which the statute of limitations has run.

In his opposition brief, Plaintiff asserts two more reasons why there should be an exception to the tender rule in this case.  First, Plaintiff contends that "the Lender failed to comply with paragraph 24 of the Deed of Trust…."  Opposition at 16.  Paragraph 24 of the Deed of Trust authorizes the "Lender" to appoint a successor trustee.  *See* Dkt. No. 30 (Request for Judicial Notice in Support of Defendant Bank of America, N.A.'s Motion to Dismiss) ("RJN Motion"), Ex. A (Deed of Trust).[4]  Plaintiff states that Bank of America is the designated Lender on the Deed of Trust, but that Wells Fargo signed the Substitution of Trustee.  *See* RJN Motion, Ex. B (Substitution of Trustee).

First, Plaintiff never alleges in the First Amended Complaint that there was any problem with the Substitution of Trustee.  Plaintiff's contention in the opposition is insufficient to support the quiet title cause of action.  However, even if these were allegations in the First Amended Complaint, they would not provide a basis for Plaintiff to seek quiet title on the property in his favor.  Defendant has submitted the Assignment of Deed of Trust, which states that Bank of America transferred the Deed of Trust to Wells Fargo on January 15, 2013, prior to the Substitution of Trustee.  Dkt. No. 39 (Defendant's Request for Judicial Notice in Support of Reply), Ex. 1.  Defendant also submitted a Notice of Rescission of Declaration of Default that was recorded on July 1, 2013 and rescinded the Notice of Default.  *Id*., Ex. 2.  In any event, the allegations in the First Amended Complaint demonstrate that there is a security interest in the property, and Plaintiff does not allege that he has satisfied this obligation, or that he intends to satisfy this obligation.  *See Kelley*, 642 F.Supp.2d at 1057.

---

[4] The Court grants Defendant's Request for Judicial Notice in support of the Motion and Reply, as all the documents submitted are matters of public record.  *See* Dkt. Nos. 30, 39; Fed.R.Evid. 201(b).

United States District Court
Northern District of California

Plaintiff also argues that there should be an exception to the tender rule based on the fact Defendant sent him inconsistent statements regarding the loan modification.  Opposition at 16. The Court disagrees.  Plaintiff does not allege that he was offered a loan modification.  *Cf. Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 880 (9th Cir. 2013), *as amended on reh'g in part* (Sept. 23, 2013) (requiring bank to offer permanent mortgage modification after plaintiffs complied with the requirements of the trial period under Home Affordable Modification Program and the bank accepted payments but failed to notify plaintiffs that they were not entitled to modification).  Rather, Plaintiff merely alleges that at one point he was told that his application was "tentatively approved," was later told that there was no record of his application, and was ultimately told that he was ineligible for loan modification.  FAC ¶ 26, 43-44.  While these statements are inconsistent, Plaintiff has cited no authority for the proposition that such inconsistent statements affect the title of the property or excuse Plaintiff from having to allege tender.

**D.   RESPA**

In the previous order, the Court dismissed Plaintiff's claim under RESPA because Plaintiff had failed to plead an actual injury.  Dkt. No. 25 at 22.  The Court noted that 12 U.S.C. § 2605(f), which makes RESPA violators "liable to the borrower … [for] any *actual damages*" caused by a RESPA violation, has been interpreted to require plaintiffs to, "at a minimum, also allege that the breach resulted in actual damages."  *Allen v. United Fin. Mortgage Corp*., 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009).  The Court dismissed the RESPA claim with leave to amend for Plaintiff to plead facts showing that he paid any amount in excess of what he owed due to Defendant's RESPA violations.  Dkt. No. 25 at 22.  Defendants contend that Plaintiff's RESPA claim fails because Plaintiff failed to plead actual damages.

In the First Amended Complaint, Plaintiff states that he suffered stress, anxiety and mental anguish as a result of Defendant's RESPA violations.  FAC ¶ 118.  However, "[u]nder RESPA, a borrower may not recover actual damages for nonpecuniary losses."  *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010); *Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Although [§ 2605(f)] does not explicitly set this out as a

1    pleading standard, a number of courts have read the statute as requiring a showing of pecuniary

2    damages in order to state a claim.").  Accordingly, Plaintiff's damages of emotional distress do not

3    constitute "actual damages" under § 2605(f).

4         Plaintiff also states that Defendant's RESPA violations cause him to have a poor credit

5    report, which caused him to lose his job, which required a high U.S. Government security

6    clearance.  FAC ¶¶ 39, 118.  While "actual damages" must reflect some sort of pecuniary loss,

7    "courts have interpreted this requirement [to plead pecuniary loss] liberally."  *Yulaeva v.*

8    *Greenpoint Mortg. Funding, Inc.,* No. 09-1504, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 9,

9    2009) (holding that plaintiffs pled pecuniary loss by alleging that they were "required to pay a

10   referral fee that was prohibited under RESPA").  In at least one case, plaintiffs were able to plead

11   such a loss by claiming that they had suffered negative credit ratings as a result of violations of

12   RESPA.  *See Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006); *see*

13   *also, Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666 (E.D. Pa. May 2, 2000)

14   (holding that to the extent plaintiff's available credit was decreased by defendant's failure to

15   correct assessments of interest, plaintiff pled actual damages).

16       Plaintiff has alleged that Defendant violated § 2605(e)(3) of RESPA, which prohibits a

17   mortgage servicer from reporting a borrower's unpaid payments to the credit reporting agencies

18   ("CRAs") within sixty days of receiving a Qualified Written Request ("QWR"). 12 U.S.C. §

19   2605(e)(3).  Plaintiff alleges that he submitted a QWR on June 25, 2011, and a "Tort Letter" on

20   September 1, 2011 stating that Defendant had not responded to Plaintiff's QWR in a manner that

21   complied with RESPA.  FAC ¶ 104-05.  Plaintiff also alleges that Defendant reported his overdue

22   account status to CRAs Experian, Equifax and Transunion in August 2011 and October 2011,

23   which was within sixty days of submitting the QWRs.  FAC ¶ 116.  To the extent the reports

24   submitted in August and October of 2011 contained information that lowered Plaintiff's credit

25   score, which contributed to the loss of his job, Plaintiff has pled "actual damages" under § 2605(f).

26   Accordingly, the Motion to Dismiss is DENIED as to Plaintiff's REPSA claim.

27       **E.    Rosenthal Fair Debt Collection Practices Act**

28       In the previous order, the Court noted "that Plaintiff alleges that Defendant is a 'creditor as

*United States District Court*
*Northern District of California*

15

defined by the Rosenthal Act, but does not allege that Defendant is a 'debt collector' subject to the prohibitions of the Rosenthal Act." Dkt. No. 25 at 30. The Court twice indicated that Plaintiff had to amend this allegation for the Rosenthal Act claim to survive. *Id*. at 30, 32. Nevertheless, in the First Amended Complaint, Plaintiff alleges that "Defendants are 'creditors' as defined by the Rosenthal Act," and does not allege that Defendant is a "debt collector." FAC ¶ 129. Defendants move to dismiss the Rosenthal Act claim on this basis alone. Because Plaintiff ignored this Court's instructions and failed to allege that Defendant is a "debt collector," Defendant's Motion is granted as to the Rosenthal Act claim.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. The remaining claims in this lawsuit are Plaintiff's seventh and eighth causes of action for violations of the Real Estate Settlement Procedures Act and the Fair Credit Reporting Act.

**IT IS SO ORDERED.**

Dated: February 25, 2014

_____

JOSEPH C. SPERO
United States Magistrate Judge